IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTT LEWIS RENDELMAN  \*
   Petitioner,
v.     \* CIVIL ACTION NO. RWT-08-1832
   CRIMINAL NO. RWT-07-0331
UNITED STATES OF AMERICA  \*
   Respondent.
   \*\*\*\*\*

## MEMORANDUM OPINION

Scott Lewis Rendelman ("Rendelman") was convicted by a jury of six counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). Criminal judgment was entered on April 25, 2008. On April 28, 2008, Rendelman noted an appeal. The United States Court of Appeals for the Fourth Circuit has appointed the Federal Public Defender to represent Rendelman. See United States v. Rendelman, Court of Appeals No. 08-4486 (4th Cir. 2008).

On July 14, 2008, the Court received for filing Rendelman's pro se 28 U.S.C. § 2255 Motion to Vacate, dated July 8, 2008. See United States v. Rendelman, Criminal No. RWT-07-0331 (D. Md.) at Paper No. 62; see also Rendelman v. United States, Civil Action No. RWT-08-1832 (D. Md.). He argues incompetency of counsel at sentencing for the failure to: (1) argue "diminished capacity;" (2) raise the issue of a downward departure under § 5K2.13; and (3) have Rendelman evaluated for sentencing to determine if he was still suffering from alleged "Rape Trauma Syndrome" ("RTS") and thus had diminished capacity.

Absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939); United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1994); United States v. Gordon, 634 F.2d 638,

638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979). Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes consideration of a § 2255 motion absent extraordinary circumstances. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Davis, 604 F.2d at 484.

Rendelman's § 2255 Motion is premature. His criminal judgment is currently on appeal and he has not alleged any extraordinary circumstances warranting review of the Motion. Consequently, the Motion to Vacate shall be dismissed without prejudice by separate Order.[1]

Date: July 25, 2008

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] Rendelman is free to re-file his 28 U.S.C. § 2255 Motion upon completion of the appeal process. He is forewarned, however, that a one-year statute of limitation applies to a motion filed under 28 U.S.C. § 2255. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been made discoverable through the exercise of due diligence.