This attachment is to show that Rendelman's request to the Warden for Compassionate Release was received by the Warden on October 29, 2020, and as of November 30, 2020, the date of this mailing, more than 30 days has lapsed.

RECEIPT - ADMINISTRATIVE REMEDY

DATE: OCTOBER 29, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MARION USP

TO  : SCOTT L RENDELMAN, 24628-037
      MARION USP    UNT: I    QTR: I04-012L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 1054372-F1
DATE RECEIVED   : OCTOBER 29, 2020
RESPONSE DUE    : NOVEMBER 18, 2020
SUBJECT 1       : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2       : REDUCTION-IN-SENTENCE REQUEST

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Rendelman, Scott L.__ __24628-037__ __CMU__ __USP Marion__
  LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

I am requesting the BOP to prepare and file a motion under 18 USC 3582 (c)(1)(A) to petition the court for my compassionate release. I request the BOP to consider the following: 1) The many pschological evaluations in my file stating that I am not dangerous and the recommendation by Dr. Montalbano that I be released. 2) My offense of conviction did not involve any actual violence or theft, but was merely the writing of letters. 3) All letters were written to individuals or entities that had access to my psychological evaluations and who read or should have read my psychological evaluations and knew or should have known the threats were not serious. 4) I have been in custody since October 30, 1986 (almost 34 years), 31 of those years behind bars. During my 3 year halfway house period I was still considered to be in custody. [see continuation page]

__October 20, 2020__                   __Scott L. Rendelman__
  DATE                                   SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received by Admin Remedy Clerk  
USP Marion  
Date: 10/29/20 MW

_____          _____
  DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                         CASE NUMBER: __1054372-F1__

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: __15HM, 13GM__

_____                    _____
  DATE                                 RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR    PRINTED ON RECYCLED PAPER                 BP-229(13) APRIL 1982

Scott Rendelman   24628-037   CMU   10-20-20
BP-9 Continuation Page

5) I did not start writing letters threatening death or bodily harm until I was homosexually raped in December 1986 while in the government's rehabilitation program. I was raped a total of 5 times between 1986 and 1991. The rapes caused extreme psychological damage from which I have never truly recovered. My initial letters threatened to kill judges, prosecutors, wardens, and anyone else I blamed for causing me to be raped. I later threatened the President for refusing to commute my sentence and for violating my civil rights. Letters were later triggered by any illegal or immoral treatment by the government which was done to rehabilitate me. I write the letters to show the rehabilitation effort failed. All letters were written from prison. I do not write the letters when I'm not in prison. During my 3 year halfway house period, I wrote no letters threatening death or bodily harm.

6) There is no psychological treatment for rape victims in prison. The only treatment I ever received was during my halfway house period 2002-2005 when I received treatment in the community. The treatment was successful. I wrote no threatening letters 2002-2005. I did not recidivate until I was wrongfully jailed on a 12 year old warrant (issued in 1993) which was later dismissed as invalid.

7) I turned 65 on September 15, 2020. I am now considered to be "at risk" in the event I catch COVID-19.

8) Continued incarceration will not rehabilitate me. If it changes me at all, I will get worse. Incarceration prevents any treatment I might receive in the community.

*Scott L. Rendelman*

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Administrative Remedy**
**Part B - Response**

**Administrative Remedy Number:** 1054372-F1

This is in response to your Administrative Remedy receipted October 29, 2020, wherein you ask the Warden for a Sentence Reduction under 18 U.S.C. 3582 (c) for extraordinary circumstances and compelling reasons.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205 (g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate;" the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

A review of your case reveals you are currently convicted of Mailing Threatening Communications, Criminal Contempt of Court, Retaliating Against a Federal Officer, and Threats Against the President. You are serving a 276 month sentence for said convictions. Furthermore, you currently have six incident reports for Threatening Bodily Harm/Making Sexual Proposal/Threats, which are suspended pending referral to the Secret Service for making various threats to the President and his family. You have a lengthy incident report history including Possession of a Dangerous Weapon, Threatening, and Making Sexual Proposal/Threats. You are considered high risk for recidivism.

Accordingly, your Request for Administrative Remedy is for denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

11-6-20
Date

D. Sproul Warden

# Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name: **Scott Rendelman**   Reg No. **24623-037**   Unit **CMU**   Date **10-19-20**

NOTICE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: I am requesting the BOP to prepare and file a motion under 18 USC 3582(c)(1)(A) to petition the court for my compassionate release. I request the BOP to consider the following: 1) The many psychological evaluations in my file stating that I am not dangerous and the recommendation by Dr. Montalbano that I be released; 2) My offense of conviction did not involve any actual violence or theft, but was merely the writing of letters; 3) All letters were written to individuals or entities that had access to my psychological evaluations and who read or [see continuation page]

2. State what efforts you have made to informally resolve your complaint: I am filing this only because the law requires that I file it before I can file the motion myself in court.

3. State what resolution you request: Prepare and file a motion under 18 USC 3582(c)(1)(A) to petition the court for my compassionate release.

Inmate's Signature: *Scott Rendelman*   Date: 10-19-20

4. Correctional Counselor's Comments (Steps to Resolve): See attached.

Counselor's Signature: _____   Date: 10/20/20
Unit Manager's Review: K Hill   Date: 10/20/20

| | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | 10/19/20 | | | |
| Time | 11:15 | | | |
| Counselor | KH | | | |

AR-1010.03J

03-27-10

Page 4

Scott Rendelman   24628-037   CMU   10-19-20

BP-8 Continuation Page

should have read my psychological evaluations and knew or should have known the threats were not serious.

4) I have been in custody since October 30, 1986 (almost 34 years), 31 of those years behind bars. My 3 year halfway house period I was still considered to be in custody.

5) I did not start writing letters threatening death or bodily harm until I was homosexually raped in December 1986 while in the government's rehabilitation program. I was raped a total of 5 times between 1986 and 1991. The rapes caused extreme psychological damage from which I have never truly recovered. My initial letters threatened to kill judges, prosecutors, wardens, and anyone else I blamed for causing me to be raped. I later threatened the President for refusing to commute my sentence and for violating my civil rights. Letters were later triggered by any illegal or immoral treatment by the government which was done to rehabilitate me. I write the letters to show the rehabilitation effort failed. All letters were written from prison. I do not write the letters when I'm not in prison. During my 3 year halfway house period, I wrote none threatening death or bodily harm.

6) There is no psychological treatment for rape victims in prison. The only treatment I ever received was during my halfway house period 2002-2005 when I received treatment in the community. The treatment was successful. I wrote no letters 2002-2005. I did not recidivate until I was wrongfully jailed on a 12 year old warrant (issued in 1993) which was later dismissed as invalid.

7) I turned 65 on 9-15-20. I am now "at risk" in the event I catch COVID-19.

8) Continued incarceration will not rehabilitate me. If it changes me at all, I will get worse. Incarceration prevents any treatment I might receive in the community.

*Scott Rendelman*

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.