IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-07-0331 |
| SCOTT L. RENDELMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On December 7, 2020, Defendant Scott L. Rendelman filed a Motion for Compassionate Release (ECF No. 128) and a Motion for Reappointment of Counsel (ECF No. 129). Upon the Court's request, the Office of the Federal Public Defender reviewed Rendelman's Motion for Compassionate Release and declined to supplement Rendelman's Motion or ask for appointment of counsel in this matter. (*See* ECF No. 131.) The Court denied both Rendelman's Motion for Compassionate Release and Motion for Reappointment of Counsel, upon finding that the appointment of counsel would not affect the resolution of his compassionate release motion. (*See* ECF No. 132.) Now pending before the Court is Rendelman's Motion to Reconsider and Motion to Receive Same Out of Time (ECF No. 133), which was filed on February 16, 2021. No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, this Motion will be DENIED.

As a preliminary matter, Rendelman alleges that he did not receive the Court's Memorandum and Order denying his prior Motion for Compassionate Release (ECF No. 132) until after the deadline for filing this Motion to Reconsider. (Mot. Reconsider at 1–2, ECF No. 133.)

1

Because it appears that Rendelman was unable to file this motion before the deadline, the Court will grant Rendelman's request to consider the present motion as having been timely filed.

Turning to the substance of Rendelman's Motion to Reconsider, the Court again finds that Rendelman has failed to demonstrate any extraordinary and compelling reasons justifying his early release. Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence only when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The U.S. Sentencing Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D); 28 U.S.C. § 994(t).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Rendelman does not provide the Court with cause to alter its prior decision that Rendelman has not presented an extraordinary or compelling reason warranting compassionate release. This Court denied Rendelman's Motion for Compassionate Release because he did not provide any medical records documenting a health condition. (ECF No. 132 at 2.) In his Motion to Reconsider, Rendelman alleges that he cannot obtain his mental health records, and he "needs the assistance of counsel, or alternatively a court appointed investigator," to find these records. (Mot. Reconsider at 3.) For the reasons discussed below, the contents of Rendelman's medical records documenting his mental health condition are very unlikely to give rise to his compassionate release. Nevertheless, Rendelman has a right to access his medical records,[1] and may file a motion to compel the production of his medical records if he is unable to obtain them. Because Rendelman can obtain his medical records without the assistance of counsel, the Court will not alter its original decision not to appoint counsel for Rendelman. (*See* ECF No. 132 at 1.)

In his Motion for Compassionate Release, Rendelman stated that "Rendelman, in spite of his age, has no medical or health issues at this time," citing his age of sixty-five as his "only medical concern." (Mot. Release at 8, ECF No. 128.) Nevertheless, Rendelman perceives himself as being "'at risk' in the event he catches COVID-19." (*Id.*) Rendelman also alleged that while he was incarcerated for a minor offense in December 1986, his cellmate repeatedly raped him. (*Id.* at 2.) Rendelman alleged that this traumatic experience "caused extreme psychological damage" and that his continued incarceration prevented him from receiving urgent mental health treatment. (*Id.* at 2–4.) Without providing medical records in support of this assertion, Rendelman also alleged that he has been diagnosed with "Rape Trauma Syndrome." (*Id.* at 5.)

---

[1] *See* 28 C.F.R. § 513.42(a) (stating that, subject to limited exceptions, "an inmate may review records from his or her medical file (including dental records) by submitting a request to a staff member designated by the Warden").

3

The Court wishes to emphasize that even if it receives Rendelman's medical records, it is very unlikely that Rendelman will have established extraordinary and compelling reasons for compassionate release on grounds related to COVID-19. *See* Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed Mar. 22, 2021) (not listing mental health conditions as increasing one's risk of suffering a severe case of COVID-19). Additionally, even during the COVID-19 pandemic, simply turning sixty-five—without having other serious health conditions—does not sufficiently differentiate Rendelman from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]").

Further, the § 3553(a) factors are very unlikely to support Rendelman's release. In his Motion to Reconsider, Rendelman incorrectly presumes that the Court would have found that his mental health conditions justify his compassionate release if he had simply provided his medical records. (Mot. Reconsider at 2.) Although the Court is certainly sympathetic to Rendelman's mental health condition and his long prison sentence, release from custody at the present time is not the correct remedy. After all, Rendelman's motion for compassionate release effectively amounts to a threat to recidivate if he feels that the Court is not treating him properly. *See* Mot. Release at 9 ("Left untreated, Rendelman will continue writing letters, will continue to receive new charges, [and] will continue to receive new sentences[.]"). If released, it is unclear that

4

Rendelman will cease writing threatening letters to court officials—and, far more importantly, it is unclear that Rendelman will not act upon his many threats by attempting to harm court officials.

The Court also notes that, although Rendelman has not provided concrete documentation of his Rape Trauma Syndrome, the Court is concerned that Rendelman's mental health needs are being neglected during his term of incarceration. Accordingly, the Court urges Rendelman's facility to ascertain whether he needs mental health treatment, and if so, take steps to provide Rendelman with the treatment that would be optimal for him.

Because Rendelman does not establish any extraordinary and compelling reasons for compassionate release at this time, the Court need not conclusively decide whether the factors in 18 U.S.C. § 3553(a) warrant compassionate release. Accordingly, the Court DENIES Rendelman's Motion to Reconsider (ECF No. 133).

DATED this 22 day of March, 2021.

BY THE COURT:

James K. Bredar
Chief Judge