IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| SCOTT L. RENDELMAN, | *   Crim. No. JKB-07-0331 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is Scott Rendelman's Third Motion for Compassionate Release. (ECF No. 158.) Mr. Rendelman's main argument is that his allegedly severe mental health issues constitute an extraordinary and compelling circumstance justifying a sentence reduction.[1] (ECF No. 158 at 3.) Mr. Rendelman has raised these issues before, however, and the Court has explained on more than one occasion that, absent corroborating documentation of the mental health issues, the Court is unable to find that extraordinary and compelling circumstances exist in this case. (*See* ECF No. 152 at 2 ("Rendelman provides no corroborating evidence to support these assertions, and the Court therefore cannot evaluate whether they constitute an extraordinary and compelling reason warranting release in this case."); ECF No. 132 at 2 ("Without more, Rendelman does not meet his burden of demonstrating that extraordinary and compelling reasons justify his

---

[1] Mr. Rendelman also requests appointment of counsel. (ECF No. 158 at 15.) There is no constitutional right to counsel in post-conviction proceedings, but the Court has discretion to appoint counsel in such cases if the interests of justice so require. *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 713903, at *1 (D. Md. Feb. 21, 2024). Here, appointment of counsel is not warranted. Although Mr. Rendelman may suffer from mental illness, his court filings are rational, clearly written, and make appropriate arguments. Thus, the Court finds that appointment of counsel is not necessary in this case. *See id.*

compassionate release.").) The Court has previously explained to Mr. Rendelman his rights with regard to accessing his medical records, and he does not argue that he has attempted to access his records and been denied. (*See* ECF No. 134 at 3.)

However, the Court is concerned by Mr. Rendelman's assertion that his mental health conditions have gone untreated. To the extent Mr. Rendelman contends that his lack of mental health treatment constitutes deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, the proper venue for such a claim would be the federal judicial district in which he is incarcerated. *See United States v. Basimibnbrown*, Crim. No. JKB-22-0205, 2024 WL 1179008, at *3 (D. Md. Mar. 19, 2023). According to the BOP's inmate locator tool, Mr. Rendelman is incarcerated at FCI Terre Haute, so such a claim should be brought—if at all—in the United States District Court for the Southern District of Indiana. That said, the Court will direct the attorney for the Government to bring Mr. Rendelman's concerns to the attention of the appropriate officials within the Bureau of Prisons.

Accordingly, it is ORDERED that:

1. Mr. Rendelman's Third Motion for Compassionate Release (EC No. 158) is DENIED; and
2. The attorney for the Government is DIRECTED to bring it to the attention of the relevant Bureau of Prisons officials that Mr. Rendelman has told the Court that he has not received appropriate medical care for his mental health issues.

DATED this __12__ day of September, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge