IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. JKB-07-0331 |
| SCOTT L. RENDELMAN, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

On September 12, 2024, the Court denied Defendant Scott Rendelman's Third Motion for Compassionate Release and Reappointment of Counsel. (ECF No. 162.) Mr. Rendelman moved for reconsideration, which the Court denied. (ECF No. 162.) Now pending before the Court is Mr. Rendelman's "Final Motion to Reconsider." (ECF No. 163.) The Motion will be denied.

Mr. Rendelman objects to the Court's prior evaluation of the evidence, arguing that the Court must assume the veracity of his factual allegations and implying that the Court should hold an evidentiary hearing to resolve any disputes. (ECF No. 163 at 1–2.) He also challenges the admissibility of evidence that the Court previously cited, such as the Sachetti Report. (*Id.*) These arguments are unavailing. The Federal Rules of Evidence by their own terms "do not apply to . . . miscellaneous proceedings such as . . . sentencing.'" Fed. R. Evid. 101(d); *see also United States v. Brown*, Crim. No. 1:19-129, 2020 WL 3799202, at *2 (M.D.N.C. July 7, 2020) ("Compassionate release motions seek a sentence reduction, and the rules of evidence do not strictly apply to sentencing proceedings.").[1] Instead, "[t]rial courts have significant discretion regarding evidentiary matters in sentencing." *United States v. Seay*, 553 F.3d 732, 741 (4th Cir. 2009). On

---

[1] In any event, Mr. Rendelman himself was the one who attached the Sachetti Report and cited to it in support of his earlier compassionate release motion. (*See* ECF No. 161 at 2.)

a compassionate release motion, "[t]he Court may consider any relevant evidence having sufficient indicia of reliability" and may resolve factual disputes. *United States v. Salvagno*, 456 F. Supp. 3d 420, 437–438 (N.D.N.Y. 2020) (internal quotation omitted); *see also United States v. Jacques*, Nos. 20-3276, 21-1277, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (holding that a district court did not "err in evaluating the evidence" and making findings unfavorable to a defendant seeking compassionate release). Finally, the Court is not required to hold a hearing on a compassionate release motion. *See United States v. Taylor*, Nos. 21-6707, No. 21-7538, 2022 WL 17581955, at *1 (4th Cir. Dec. 12, 2022); *Jacques*, 2022 WL 894695, at *2.

In a prior ruling, the Court stated that the Sachetti Report indicated that "Mr. Rendelman has been receiving comprehensive psychiatric care while incarcerated." (ECF No. 162 at 2.) In the instant Motion, Mr. Rendelman takes issue with the Court's characterization of his treatment as "comprehensive." (ECF No. 163 at 2.) Mr. Rendelman may be correct that the Court's earlier characterization of his psychiatric treatment was imprecise, and that the quality of the treatment he is receiving in prison may not be optimal. Nevertheless, even assuming this to be the case, nothing in Mr. Rendelman's new motion contradicts the fact that he has received numerous mental health evaluations and has refused additional mental health treatment. (*See* ECF No. 161-1 at 6–7.) The Sachetti Report and Mr. Rendelman's own briefing reflect that he is an unusually intelligent and articulate man—with great potential to contribute positively to his community and his family—who nevertheless declines mental health treatment, disobeys prison safety rules, and writes threatening letters. The Court continues to hold that these circumstances, while upsetting, do not constitute extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A).[2] (*See* ECF No. 162 at 2–3.)

---

[2] To the extent that Mr. Rendelman believes his allegedly deficient medical treatment constitutes deliberate indifference to his serious medical needs under the Eighth Amendment, the proper vehicle for such a claim would not be a compassionate release motion, but rather a separate lawsuit brought in the district where is

Finally, as the Court previously held, even if Mr. Rendelman could show the presence of extraordinary and compelling reasons, the Court would still determine that a sentence reduction is not warranted on the basis of the factors set forth at 18 U.S.C. § 3553(a). (*See* ECF No. 162 at 3–4.) As the Court previously explained, Mr. Rendelman has a lengthy prison disciplinary record, and he admits to continuing to write threatening letters. (*See id.*) Mr. Rendelman argues that the Court "misreads the record" because, he contends, he only writes threatening letters as a coping mechanism to deal with the stress of prison, and would stop writing such letters once he was released. (ECF No. 163 at 5.) In essence, Mr. Rendelman promises to continue the same wrongful conduct that led to his imprisonment until he is released. (*See id.* ("If the Court truly wants him to stop [writing threatening letters], it would release him. Rendelman must continue writing letters as long as he's locked up.").) This is no basis for a sentence reduction.

Accordingly, it is ORDERED that Mr. Rendelman's Final Motion to Reconsider (ECF No. 163) is DENIED.

DATED this 14 day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

---

incarcerated. *See United States v. Basimibnbrown*, Crim. No. JKB-22-0205, 2024 WL 1179008, at *3 (D. Md. Mar. 19, 2024), *aff'd*, No. 24-6328, 2024 WL 3633583 (4th Cir. Aug. 2, 2024).